# EXHIBIT A

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR CALHOUN COUNTY

EARNEST REED

    Plaintiff.

v.

ALHASSAN MALIK GAMBO, AND
MAY TRUCKING COMPANY

    Defendant.

Case No. 26 - ____ - NI

Hon.  **SARAH S. LINCOLN**

---

JUSTIN J. HAKALA (P73229)
SAM BERNSTEIN LAW, PLLC
Attorneys for Plaintiffs
31440 Northwestern Hwy, Suite 333
Farmington Hills, MI 48334
(248) 538-3144
jhakala@sambernstein.com

---

## JURY DEMAND

The Plaintiff, EARNEST REED, through his attorneys, The Sam Bernstein Law Firm, respectfully requests a Trial by Jury in the above-entitled cause of action.

    Respectfully submitted,

    THE SAM BERNSTEIN LAW FIRM

    By: s Justin J. Hakala
    JUSTIN J. HAKALA (P72996)
    31440 Northwestern Hwy, Suite 333
    Farmington Hills, Michigan 48334
    Direct Dial: (248) 538-3144
    jhakala@sambernstein.com

**SAM BERNSTEIN**

Date: February 26, 2026

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR CALHOUN COUNTY

EARNEST REED,

    Plaintiff,

v.                                                                              Case No. 26 - ˈ ϳ ϊ ʐ̇            - NI

ALHASSAN MALIK GAMBO, AND
MAY TRUCKING COMPANY,                                  Hon. **SARAH S. LINCOLN**

    Defendants.

JUSTIN J. HAKALA (P73229)
SAM BERNSTEIN LAW, PLLC
Attorneys for Plaintiffs
31440 Northwestern Hwy, Suite 333
Farmington Hills, MI 48334
(248) 538-3151 / Secretary: (248) 538-5938
Fax: (248) 785-6008
jhakala@sambernstein.com

> There is no other pending or dismissed civil action between
> these parties arising out of the same transaction or occurrence
> as alleged in this Complaint pending in this or any other Court
> s/ Justin J. Hakala

## COMPLAINT AND JURY DEMAND

The Plaintiff, EARNEST REED, through his attorneys, The Sam Bernstein Law Firm, states for his cause of action against the Defendants ALHASSAN MALIK GAMBO, and MAY TRUCKING COMPANY as follows:

### JURISDICTION & VENUE

1. The Plaintiff, EARNEST REED, (hereinafter the "Plaintiff") is a resident of the City of Battle Creek, in Calhoun County, State of Michigan.

2. The Defendant ALHASSAN MALIK GAMBO is a resident of the City of Grand

THE
SAM BERNSTEIN
LAW FIRM
31440 NORTHWESTERN HIGHWAY
SUITE 333
FARMINGTON HILLS
MICHIGAN 48334-2564

1-800-225-5726
A PROFESSIONAL LIMITED
LIABILITY COMPANY

Rapids, in Kent County, State of Michigan.

3.    The Defendant MAY TRUCKING COMPANY ("May Trucking") is a corporation formed under the laws of the State of Idaho, with its principal place of business in the State of Oregon

4.    Defendant May Trucking's Registered Agent is Scott D. Smith, 4185 Brooklake Road NE, Salem, Oregon 97305.

5.    Defendant May Trucking performs and engages in continuous and systematic part of its general business within the State of Michigan.

6.    All the acts, transactions and occurrences giving rise to this litigation occurred in, Battle Creek, in Calhoun County, State of Michigan.

7.    The amount in controversy in this litigation exceeds the jurisdictional minimum of Twenty-Five Thousand ($25,000.00) Dollars exclusive of costs, interest, and attorney fees.

## GENERAL ALLEGATIONS

8.    The Defendant May Trucking owns the 2023 Freightliner, State of Oregon license plate, YAJV973, VIN # 3AKJHHDR2PSNZ5802 (hereinafter the "Semi-Truck").

9.    On September 14, 2023, the Defendant Alhassan Malik Gambo (hereinafter the "Defendant Driver") was an employee and actual agent of the Defendant May Trucking company.

10.    On September 14, 2023, the Defendant May Trucking gave Defendant express permission to drive the Semi-Truck.

11.    On September 14, 2023, the Defendant May Trucking gave Defendant Driver implied permission to operate the Semi-Truck.

2

12.    On September 14, 2023, Plaintiff Earnest Reed exited eastbound I-94 at the Columbia Avenue exit.

13.    Near the intersection at Columbia Ave., Mr. Reed's vehicle stalled in the roadway and he activated its emergency flashing lights.

14.    At approximately 21:39, Defendant Gambo exited I-94 at Columbia Ave in his semi-truck and proceeded toward the intersection at Columbia Avenue.

15.    As he approached the intersection, Defendant Gambo crashed into the back of Mr. Reed's vehicle with the right side of his trailer, apparently while attempting to make a right turn.

16.    Rather than stopping, Defendant Gambo fled the accident scene.

17.    Mr. Reed suffered injuries in the wreck that include aggravation of his prior hip injury and osteoarthritis requiring a hip replacement, lumbar spine injury, aggravation of preexisting spinal pathology, and other injuries.

## COUNT I — NEGLIGENCE AGAINST DEFENDANT ALHASSAN MALIK GAMBO

18.    Plaintiffs hereby adopt and incorporate by reference the averments in paragraphs 1 through 17 as though fully re-stated herein.

19.    At the time of the crash described above, Defendant Gambo had a duty to operate his vehicle safely, reasonably, and in compliance with applicable Michigan motor vehicle statutes.

20.    At the time of the crash, Defendant violated his duty of care in the following ways:

   a.    Driving said motor vehicle on the highway at a speed greater than would permit him to maintain reasonable control of said motor vehicle and operate it without violently striking other vehicles lawfully on the roadway, contrary to the provisions of MCL 257.627;

3

b.    Driving at an excessive and unlawful speed, contrary to the provisions of MCL 257.627;

c.    Failing to drive said motor vehicle on the highway at a careful and prudent speed, not greater than was reasonable and proper, having due regard to the traffic, surface, and width of the highway and other conditions then and there existing as required by MCL 257.627;

d.    Failing to keep proper or any lookout for traffic when Defendant knew or should have known that such failure would endanger the life and limb of pedestrians and vehicles along the highway;

e.    Failing to yield the right of way to other drivers;

f.    Unlawfully and negligently drove said motor vehicle in a distracted manner (i.e., texting, eating, drinking, navigation, radio, etc.), which prevented him from being able to observe the current traffic conditions and allow the Defendant to bring his vehicle to a stop in an assured clear distance prior to striking the Plaintiff's vehicle, contrary to MCL 257.602;

g.    In otherwise negligently failing to exert that degree of care, caution, diligence, and prudence as would be demonstrated by a reasonably prudent person under the same or similar circumstances and in otherwise causing injuries and damages to Plaintiffs;

h.    Negligence per se; and

i.    In other manners yet unknown to Plaintiff but which will become known during the course of discovery.

21.    As a direct and proximate cause of the negligence and breaches of duty described above, Mr. Reed suffered injuries and damages past, present, and future, including, but not limited to, the following:

a.    Injuries to his back including, lumbosacral spondylolisthesis, spondylosis, foraminal stenosis, degenerative disc disease and sequelae;

b.    Exacerbation and aggravation of hip osteoarthritis causing pain and the need for hip replacement;

c.    Exacerbation of prior back and spine pathology;

d.    Pain, suffering, discomfort, disability, and extreme physical and emotional suffering;

e.    Severe and continuing embarrassment, humiliation, anxiety, tension, and mortification;

4

f.    Loss of the natural enjoyments of life;

g.    Loss of earning capacity and excess wage loss;

h.    Excess no-fault benefits including medical bills, attendant care, replacement care, transportation, and all medical liens;

i.    Fright and shock; and

j.    Permanent serious disfigurement.

k.    WHEREFORE Plaintiff prays that this Honorable Court award damages against the Defendants in an amount greater than the jurisdictional minimum of $25,000.00 in an amount Plaintiffs are found to be entitled to receive, together with costs, interest, attorney fees and all other damages to which Plaintiff is legally entitled.

## COUNT II
## OWNER STATUTORY LIABILITY

22.    Plaintiffs hereby adopt and incorporate by reference the averments in paragraphs 1 through 17 as though fully re-stated herein.

23.    For all times relevant herein, Defendant Gambo was the operator of the Semi-Truck involved in the crash.

24.    That upon information and belief and for all times relevant herein, Defendant May Trucking owned the Semi-Truck and did consent, permit, and allow Defendant Gambo to operate the truck.

25.    Defendant May Trucking is vicariously liable for the reckless, negligent, and unlawful acts and/or omissions of Defendant Gambo pursuant to the terms of the Owners Liability Statute, MCL 500.2501 et seq.

WHEREFORE Plaintiff prays that this Honorable Court award damages against the Defendants in an amount greater than the jurisdictional minimum of $25,000.00 in an amount

Plaintiffs are found to be entitled to receive, together with costs, interest, attorney fees and all other damages to which Plaintiff is legally entitled.

## COUNT III
## VICARIOUS LIABILITY

26.    Plaintiffs hereby adopt and incorporate by reference the averments in paragraphs 1 through 17 as though fully re-stated herein.

27.    At all times on September 14, 2023 leading up to and including the time of the crash, when Defendant Gambo was driving the Semi-Truck, he was working for, and in furtherance of, the business of May Trucking, and was within the scope of his employment at the time he caused the crash with Plaintiffs.

28.    Defendant May Trucking is vicariously liable for the acts and omissions of its driver and employee, Defendant Gambo, under respondeat superior.

29.    Defendant May Trucking is vicariously liable for the negligence that Plaintiffs allege above against Defendant Gambo because Defendant Gambo was an actual, apparent, and/or ostensible agent of May Trucking.

WHEREFORE Plaintiff prays that this Honorable Court award damages against the Defendants in an amount greater than the jurisdictional minimum of $25,000.00 in an amount Plaintiffs are found to be entitled to receive, together with costs, interest, attorney fees and all other damages to which Plaintiff is legally entitled.

## COUNT IV
## NEGLIGENT HIRING, TRAINING, SUPERVISION, & ENTRUSTMENT

30.    Plaintiffs hereby adopt and incorporate by reference the averments in paragraphs 1 through 17 as though fully re-stated herein.

31.    At all times relevant herein, it was the duty of Defendant May Trucking to exercise due care and caution in the operation of its trucking business and in the entrustment of the Semi-

6

Truck.

32. Defendant May Trucking breached its duties in the following ways:

    a. By entrusting the Semi-Truck to Defendant Gambo despite the fact that Defendant May Trucking knew or had reason to know was likely to drive such motor vehicle in a careless, reckless, unlawful, and grossly negligent fashion;

    b. By hiring Defendant Gambo despite the fact that Defendant May Trucking knew or had reason to know was likely to drive such motor vehicle in a careless, reckless, unlawful, and grossly negligent fashion;

    c. By failing to adequately educate and train its drivers, including Defendant Gambo;

    d. By failing to appropriately supervise its drivers, including Defendant Gambo;

    e. In other ways to be identified during discovery.

33. Notwithstanding its duties, Defendant May Trucking did entrust said motor vehicle to him and he did drive said vehicle in a careless, reckless, unlawful, and negligent fashion as set forth in COUNT I of this Complaint, causing all such injuries, damages, and losses to the Plaintiff as set forth in set forth in COUNT I of this Complaint.

34. As a direct and proximate cause of Defendant May Trucking's breach of its duties to reasonably hire, educate, train, supervise, and entrust its drivers as described above, Mr. Reed suffered injuries and damages past, present, and future, including, but not limited to, the following:

    a. Injuries to his back including, lumbosacral spondylolisthesis, spondylosis, foraminal stenosis, degenerative disc disease and sequelae;

    b. Exacerbation and aggravation of hip osteoarthritis causing pain and the need for hip replacement;

    c. Exacerbation of prior back and spine pathology;

    d. Pain, suffering, discomfort, disability, and extreme physical and emotional suffering;

e.  Severe and continuing embarrassment, humiliation, anxiety, tension, and mortification;

f.  Loss of the natural enjoyments of life;

g.  Loss of earning capacity and excess wage loss;

h.  Excess no-fault benefits including medical bills, attendant care, replacement care, transportation, and all medical liens;

i.  Fright and shock; and

j.  Permanent serious disfigurement.

WHEREFORE Plaintiff prays that this Honorable Court award damages against the Defendants in an amount greater than the jurisdictional minimum of $25,000.00 in an amount Plaintiffs are found to be entitled to receive, together with costs, interest, attorney fees and all other damages to which Plaintiff is legally entitled.

Respectfully submitted,

THE SAM BERNSTEIN LAW FIRM

By: /s/ Justin J. Hakala
JUSTIN J. HAKALA (P72996)
31440 Northwestern Hwy, Suite 333
Farmington Hills, Michigan 48334
Direct Dial: (248) 538-3144
jhakala@sambernstein.com

Date: February 26, 2026

8